**IN THE COURT OF APPEALS OF IOWA**

No. 22-0900
Filed September 21, 2022

**IN THE INTEREST OF J.M.,**
**Minor Child,**

**B.R., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Page County, Jennifer A. Benson

Bahr, District Associate Judge.


        A mother appeals the termination of her parental rights to a child born in

2013. **AFFIRMED.**



        Keith R. Tucker of Woods Tucker, PLLC, Glenwood, for appellant mother.

        Thomas J. Miller, Attorney General, and Diane Murphy Smith, Assistant

Attorney General, for appellee State.

        Vicki Danley, Sidney, attorney and guardian ad litem for minor child.


        Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to a child born in 2013. She contends: (I) the State failed to prove the grounds for termination cited by the district court; (II) termination was not in the child's best interests; (III) the district court should have declined to terminate her parental rights based on her bond with the child; and (IV) she should have been afforded additional time to reunify with the child.

## I.  Grounds for Termination

The district court terminated the mother's parental rights pursuant to Iowa Code sections 232.116(1)(e) and (f) (2022). We elect to focus on section 232.116(1)(f), which requires proof of several elements, including proof the child cannot be returned to parental custody. *See In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." (quoting *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012))).

The department of human services intervened in early 2020 following a report that a family member assaulted the mother in the presence of the child. Following an investigation, the department issued a founded assessment, and the family member as well as the mother were placed on the child abuse registry. The State filed a child-in-need-of-assistance petition.

Just three months later, the department received a report that the mother was under the influence of methamphetamine while caring for the child. The department again issued a founded assessment. The district court adjudicated the child as a child in need of assistance and ordered his removal from parental

custody. The department initiated reunification services, including supervised visits.

The mother moved to Missouri for several months and, on her return, resumed services, including drug treatment. She tested negative on three drug tests. The district court characterized her progress as "great."

That progress continued. The mother participated in visits and again tested negative on several drug tests. The child was returned to her care on a trial basis.

In a short while, the mother asked to have the child removed so that she could attend to her mental health needs. At the State's behest, the district court ordered another removal. Following a permanency review hearing, the court stated, "after over 20 months, [the mother] remains unable to parent [her child] on a full-time basis."

The case proceeded to termination. The caseworker at the time recommended termination, stating she was "extremely worried about mainly the substance abuse and mental health." On our de novo review, we agree the child could not be returned to parental custody as required by section 232.116(1)(f)(4).

## II. Best Interests of the Child

Termination must be in the child's best interests. *See* Iowa Code § 232.116(2). The mother testified it was in the child's "best interest . . . to be with his mom, to be a kid." She noted that "moving [him] around" was not "helping the situation" and he was "scared" and wanted and needed her. But, as the district court stated, the mother "remain[ed] unable to parent" the child "on a full-time basis" despite twenty-two months of services. The trial home placement tested the mother's parenting skills and prompted her to acknowledge her need for

additional mental-health treatment. Although the mother later stated she was capable of immediate parenting, her disengagement from key services suggested otherwise. We conclude termination of the mother's parental rights was in the child's best interests.

### III. Parent-Child Bond

In the context of her best-interests argument, the mother asserts her bond with the child should have been grounds to deny termination. This assertion implicates the permissive exception to termination set forth in Iowa Code section 232.116(3)(c). *See In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018).

The mother testified to a "strong bond" with the child. She said she experienced that bond during visits, which were offered once a week for two hours. But the mother stopped attending visits approximately three months before the termination hearing. The department reported that the child initially "struggled" when they ended. In time, however, his outbursts in the foster home were not "as significant." Given the mother's failure to nurture the bond at the end and her need for ongoing treatment, the concededly close relationship did "not make termination improper here." *See W.M.*, 957 N.W.2d at 315. On our de novo review, we conclude the district court appropriately denied the permissive exception to termination.

### IV. Additional Time for Reunification

The district court may grant additional time to facilitate reunification. Iowa Code § 232.104(2)(b). We agree with the district court that the mother was afforded "countless" services to facilitate reunification over a two-year period. Those services were unavailing, and there was scant indication that a six-month

extension of time for reunification services would eliminate the need for removal of the child from the home.

We affirm termination of the mother's parental rights to the child.

**AFFIRMED.**